This is a redhibitory action in which plaintiff seeks to have rescinded a sale to him of a used automobile by defendant, Blotner Brothers Auto Parts Service Station, and for return of the price thereof. The sale was made on September 25, 1939. Suit was filed November 25, 1940. The vendor and the individual members thereof were impleaded.
It is alleged that defendants warranted the car to be in good condition, but that after operating it for a short time it "broke down" and refused to run; that it was taken to a mechanic in January 1940, who, upon examination, discovered that the motor block had a long crack in it which had been covered by "glue" or other similar substance; that the failure of the car to function was due to the block's condition.
Defendants interposed exceptions of no cause and no right of action and filed a plea of prescription of one year established by Article 2534 of the Civil Code. These pleadings were referred to the merits. Answering, the defendants aver that plaintiff "was given the usual guarantee on second-hand automobiles of three days in which to return same if the automobile did not run satisfactorily or proved defective in any manner"; that the car was in plaintiff's possession and used by him for four or five months without complaint of its *Page 561 
defective condition being made known to them, and was in good mechanical condition when delivered to him. They deny that the block was cracked when the car was delivered to plaintiff, and argue that if then cracked, such injury would have impaired the car's functioning within said three days guaranty period. It is admitted that when plaintiff brought the car back to them, four or five months after the sale, and complained of its condition, the block was cracked and that the car did not run; that in order to preserve good relations with plaintiff they offered to install in the car another motor block valued at $40, for $20 cash, but he refused the proffer.
It is also averred:
"* * * that petitioner knew exactly what he was buying, inspected same personally and had ample opportunity in which to have any mechanic of his own selection examine same; that petitioner was sold an old secondhand automobile as is obvious upon consideration of the purchase price thereof and that no guarantee other than the usual three (3) day guarantee was made to petitioner and that petitioner did not return said car to defendants or make any complaints whatsoever during that period of time and in fact made no complaint for a period of four or five months."
In all other respects plaintiff's allegations are denied and dismissal of his suit prayed for.
The court decided the case on its merits and rejected plaintiff's demands. He appealed.
The plea of prescription is urged here.
We are convinced from the testimony that the mechanical condition of the car was warranted; that is, that it would run and give reasonably satisfactory service. It is not established by the preponderance of the testimony that the guarantee was limited to three days and had it been so established, the facts of the case are such as to render such a time limitation ineffective.
The car was a 1935 model Chrysler into which a Plymouth motor had been installed. Motors of these two makes of cars of that year were interchangeable.
We have no doubt that the motor block was badly cracked when the car was delivered to plaintiff and that the break therein had been covered by shellac or some other similar substance. The record does not disclose who did this.
Defendants' business is that of dealing in junk and purchasing and reconditioning second-hand cars and reselling them. The Plymouth motor was evidently put on the Chrysler chassis by defendants' workmen. This being true, its condition must have been known to such workmen. It is inconceivable that experienced mechanics could install a motor of this kind and not know that it was cracked. Knowledge of the workmen in such circumstances amounts to knowledge of the principal. Knowledge of the agent is imputed to the principal.
Plaintiff purchased the car in which to ride to and from quail hunting grounds. On the first trip he made in it, some twenty miles, it operated badly and pumped oil and boiled water. On this short trip additional oil had to be purchased. Three additional trips were made in the car to the same grounds and the same sort of trouble was experienced on each trip. These trips were made in October and November following the purchase. In all, the car was driven not more than one hundred miles. In November plaintiff carried the car to a mechanic for examination but this mechanic was then unable to look it over and advised plaintiff to bring it back to him in January. This was done and it was then the block's injured condition was discovered. Plaintiff thereafter called upon defendants to make good the warranty. The conversation about the $40 motor block, mentioned above, then took place. Defendants would do nothing beyond this and plaintiff carried the car home and stored it.
The following articles of the Civil Code embody the rules of law appropriate to a case of this character:
Article 2520. "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."
Article 2530. "The buyer who institutes the redhibitory action, must prove that the vice existed before the sale was made to him. If the vice has made its appearance within three days immediately following the sale, it is presumed to have existed before the sale."
Article 2534. "The redhibitory action must be instituted within a year, at the *Page 562 
farthest, commencing from the date of the sale.
"This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser. * * *"
Article 2543. "* * * But in a redhibitory suit, the judge may decree merely a reduction of the price."
Article 2545. "The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of the price and repayment of the expenses, is answerable to the buyer in damages."
Article 2546. "In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
"This discovery is not to be presumed; it must be proved by the seller."
As this suit was instituted over twelve months subsequent to the sale, the plea of prescription would be well founded but for the fact that the seller is held to have known of the existing redhibitory defect in the car, the crack in the block, and did not declare same to the purchaser. Under this state of facts the prescriptive period began to run from the time of the "discovery of the vice" by plaintiff, fixed by Article 2546, above quoted.
We are of the opinion that plaintiff did not, for all legal intents and purposes, discover the vice until January, 1940, at which time the mechanic dismantled the motor and the cracked condition of the block was revealed and made known to plaintiff.
It is true the car gave trouble immediately after its purchase but continued to run for some two months. Plaintiff did not know, however, the cause of the lack of functioning. Knowing the car to be old and having paid a small price for it, naturally he did not expect the service a new car would give. So long as it would run, even though imperfectly, he was patient, doubtless believing that small adjustments would be sufficient to enable it to serve the purpose for which he had purchased it. Not being a mechanic, vices of the character involved herein would not be noticed by him.
The car would not do the service, in its impaired condition, for which purchased. It quit running. However, we are convinced that it needs only a good motor block to put it in as good mechanical condition as could be expected, all things considered. Such a block, it is shown, will cost $40.
Plaintiff has had possession of the car since its purchase. He did not formally tender it back to defendants. With a serviceable block installed, plaintiff should be satisfied.
We think the facts of this case warrant us in invoking the equitable power conferred on courts by Article 2543, above quoted.
For the reasons herein assigned, the judgment appealed from is reversed, annulled and set aside and there is now judgment for the plaintiff, Dr. Thomas M. Dupuy, and against the defendants, Blotner Brothers Auto Parts and Service Station, and A.H. Blotner and Herman Blotner, in solido, for $40 with five per cent annum interest thereon from judicial demand until paid.
It is further ordered, adjudged and decreed that plaintiff's demand for the rescission of the sale of the car to him be and it is hereby rejected. Defendants are cast for all court costs.